# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 7:04-cr-5 (HL) |
| | : | |
| **MICHAEL WILLIAMS,** | : | |
| | : | |
| Defendant. | : | |

_____

# **ORDER**

Defendant, Michael Williams, has filed a Petition Requesting the Removal of Counsel of Record [doc 158]. Williams seeks to have Converse Bright removed as his attorney. Bright was retained by Williams to represent him on appeal following his conviction and original sentencing. The Court denies the Motion, as more fully set forth below.

Williams was originally sentenced in this Court on February 23, 2005. At that time, he was represented by James E. Jarvis, Jr., who had been appointed under the Criminal Justice Act. The Court discharged Jarvis after sentencing, and appointed James G. Tunison, Jr., to represent Williams on appeal. Shortly thereafter, Williams retained Converse Bright to represent him on appeal, and Tunison's representation was terminated by the Court. The Eleventh Circuit affirmed Williams' conviction but remanded his case for resentencing. Converse Bright represented Williams at the resentencing. Williams was resentenced on April 12, 2006.

At the resentencing hearing, Bright sought to be relieved of any obligation to represent Williams on appeal. Noting that retained counsel are generally expected to continue their

representation through an appeal, in an Order entered April 13, 2006, the Court directed Bright to continue to represent Williams on appeal. Williams has now moved to have Bright removed.

Prior to Williams' filing of the Motion at issue here, on April 21, 2006, Bright filed a Notice of Appeal from the resentencing on Williams' behalf. Because Williams' case is now in the hands of the Eleventh Circuit, it appears to the Court that the Eleventh Circuit should determine whether Bright should stay on as retained counsel, or whether Williams will be permitted to remove him from the case. The Rules for the Eleventh Circuit suggest that Bright may not "cease representation" except upon order of the Eleventh Circuit:

> If a party was represented in the district court by counsel appointed under the Act, such counsel shall be mindful of the obligation and responsibility to continue representation on appeal until either successor counsel is appointed under the Act or counsel is relieved by order of this Court. Retained counsel for a criminal defendant has an obligation to continue to represent that defendant until successor counsel either enters an appearance or is appointed under the Act, and may not abandon or cease representation of a defendant *except upon order of this Court*.

(11th Cir. R., Add. IV(d)(2) 2005). Although the Rule does not appear to contemplate a situation such as this one, in which it is the Defendant who wishes to have his attorney cease representation, the Rule suggests, nevertheless, that even if both Williams and Bright desire to end his representation, Bright may not do so "except upon order of [the Eleventh Circuit]." Moreover, this Court is of the opinion that it should defer to the Eleventh Circuit and leave to that court the question of what representation Williams should have during the course of his appeal.

In view of the foregoing, Williams' Petition Requesting the Removal of Counsel of Record [doc 158] is denied.  If Williams wishes to pursue the matter further, he may have newly-retained counsel file an appearance on his behalf, or he should file an appropriate motion with the court of appeals.

**SO ORDERED**, this the 7th day of June, 2006.

<u>s/    Hugh Lawson</u>
**HUGH LAWSON, JUDGE**

mls