IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 7:04-cr-5 (HL) |
| | : | |
| **MICHAEL WILLIAMS,** | : | |
| | : | |
| Defendant. | : | |
| _____ | | |

# ORDER

Michael Williams was convicted of various offenses following a jury trial in October of 2004. On April 11, 2006, he filed a document styled as "Notice of Motion to Dismiss or, in the alternative, to Suppress Tampered Evidence" (Doc. 139). Williams subsequently filed a Motion for Evidentiary Hearing (Doc. 168). After review, and for reasons more fully set forth below, the Motion to Dismiss or Suppress is dismissed; the Motion for Evidentiary Hearing is denied.

**I.    PROCEDURAL HISTORY**

An indictment was returned as to Williams in March of 2004, charging him with conspiracy to possess cocaine with intent to distribute, possession of cocaine with intent to distribute, and various money laundering and money structuring offenses. Williams elected to proceed to a jury trial, following which he was found guilty as to thirteen of the offenses with which he was charged, including the drug offenses. As to the drug offenses, the jury found that the weight of the cocaine involved was 1,111.71 grams.

Williams was sentenced on February 23, 2005. He received a term of imprisonment of 425 months. Williams appealed from his conviction and sentence. On appeal, the United States

Court of Appeals for the Eleventh Circuit affirmed as to the conviction, but vacated the sentence and remanded for re-sentencing. The court found that the guideline range was erroneously enhanced. Williams was returned to this Court on April 12, 2006, for re-sentencing and received a sentence of 405 months. The Amended Judgment as to Williams was entered on April 21, 2006. Williams filed a Notice of Appeal on the same day. His appeal is pending.

On April 11, 2006, the day before his sentencing, Williams filed the Motion to Dismiss or Suppress at issue here. His Motion pertains only to Counts 1 and 2 of the indictment, the drug offense counts. As to these charges, he contends the evidence as to the cocaine should be suppressed, or those counts of the indictment should be dismissed, because the evidence was tampered with. More specifically, Williams argues that the cocaine which was used to support his conviction was stolen from a South Georgia Drug Task Force office before his trial and, therefore, it could not properly be used as evidence against him at trial. Williams later filed a motion (Doc. 169) requesting an evidentiary hearing on his Motion to Dismiss or Suppress.

The Government has responded to Williams' Motion to Dismiss or Suppress and request for hearing and maintains that this Court lacks jurisdiction to consider the issues raised because Williams' appeal is pending. Alternatively, the Government maintains that the Motion has no merit and presents nothing that would entitle Williams to relief or require a hearing by the Court.

## II.   ANALYSIS

### A.   Jurisdiction to Consider the Motion Pending Appeal

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction

over matters raised in the appeal. United States v. Tovar-Rico, 61 F.3d 1529, 1532 (11th Cir. 1995). "'[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.'" Id. (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982) (per curiam)). However, the filing of a notice of appeal does not prevent the district court from entertaining motions on matters collateral to those at issue on appeal. Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003).

Even during the pendency of an appeal, district courts may take action "'in furtherance of the appeal.'" Id. (quoting Lairsey v. Advance Abrasives Co., 542 F.2d 928, 930 (5th Cir. 1976)). In this respect, district courts retain jurisdiction to entertain and deny certain motions, such as Rule 60(b) motions. Id. at 1180. District courts also retain jurisdiction to consider Rule 11 motions even after an appeal has been perfected because such motions are considered collateral to the appeal. Id. at 1181.

In deciding whether this Court has jurisdiction to entertain Williams' Motion to Dismiss or Suppress, therefore, the Court must consider whether the issues presented are collateral to the issues on appeal, as well as whether the Court's action on the Motion is in furtherance of the appeal. The issues presented by the Motion are, in one sense, collateral to the issues on appeal because Williams' conviction has already been affirmed by the Eleventh Circuit and the only issue before that court on appeal is the sentence Williams received after re-sentencing. However, if the Court were to grant Williams the relief he seeks, it would serve to vacate the conviction, thereby rendering moot his appeal. Therefore, the Court is of the opinion that in deciding whether the Court can consider Williams' Motion to Dismiss or Suppress while his

appeal is pending, the best course is to treat the Motion presented here in the same manner as a Rule 60(b) motion:

> [A] district court presented with a Rule 60(b) motion after a notice of appeal has been filed should consider the motion and assess the merits. It may then deny the motion or indicate its belief that the arguments raised are meritorious. If the district court selects the latter course, the movant may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion.

Id. at 1180.

Following the course suggested in Mahone, the Court will undertake to consider the Motion to Suppress or Dismiss and assess its merits.

### B.     Consideration of the Motion to Suppress or Dismiss

Williams has moved in his Motion for dismissal or for suppression of the evidence related to the cocaine counts. As to Williams' request that the evidence be suppressed, Rule 12 of the Federal Rules of Criminal Procedure provides that a motion to suppress must be raised before trial. Fed. R. Crim. P. 12(b)(3)(C). *See also* United States v. Coyote, 963 F.2d 1328, 1332 (10th Cir. 1992) (holding that motions to suppress evidence must be raised before trial and failure to do so results in waiver of the motion). Thus, to the extent that Williams has brought his Motion as one to suppress evidence, it is untimely and may not be considered by the Court.

Similarly, to the extent that Williams' Motion seeks dismissal of Counts 1 and 2 of the indictment, his Motion is brought too late. As a general rule, motions to dismiss an indictment must be made before trial or they are waived. United States v. Cathey, 591 F.2d 268, 271 n.1 (5th Cir. 1979). *See also* United States v. Reed, No. 01-10789, 2002 WL 334743, at *1 (5th Cir.

Feb. 20, 2002) (unpublished opinion) (finding motion to dismiss the indictment filed after conviction was untimely and, therefore, unauthorized and without a jurisdictional basis). Thus, as with his request for suppression of the evidence, Williams' request for dismissal is untimely and may not be considered by the Court.

There are other methods by which a defendant may move, post-conviction, for relief. However, none of them apply here. For example, a defendant may move for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. However, such a motion must be filed within 7 days after the verdict or finding of guilty. Fed. R. Crim. P. 33(b)(2). A defendant also has 3 years after the verdict in which to file for a new trial, but the extended period only applies when the motion for new trial is grounded on newly discovered evidence–a situation which is not applicable here. Fed. R. Crim. P. 33(b)(1).

As the foregoing discussion suggests, at this late date, Williams has very few ways by which he can move this Court to consider the merits of the issues set forth in his Motion and set aside his conviction. In fact, this Court can think of only one: a motion brought under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence. However, Williams has not filed such a motion, and this Court will not construe the present Motion as a § 2255. *See* Castro v. United States, 540 U.S. 375, 124 S. Ct. 786 (2003) (holding that district courts may not recharacterize pro se litigant motions as motions brought pursuant to § 2255 without first giving the litigant warning and an opportunity to withdraw the motion). In the absence of a proper and timely motion, this Court has no authority to grant the relief sought by Williams.

### C.     Assessment of the Merits

Although this Court has no authority to grant the relief requested by Williams' Motion, the Court will, nonetheless, undertake to assess the merits. The allegations made by Williams in the Motion suggest that he was convicted with tampered evidence and, therefore, was denied the right to a fair trial. Because the Court believes that Williams has either misstated or misconstrued what transpired with regard to the cocaine evidence, further discussion is in order.

At Williams' trial, the Government's first witness was Steven Turner, a GBI special agent. Turner testified about how Williams came under suspicion by Turner while Turner was working for the South Georgia Drug Task Force in 2000. (R. at 98-100, Doc. 118.) Turner also testified about the cocaine that was seized from Williams, explaining that after it was returned from the crime lab following testing, it was placed in the evidence room at the South Georgia Drug Task Force. (R. at 102-04, Doc. 118.) Turner also testified that after the cocaine was returned from the crime lab, an agent broke into the evidence room and stole some of the cocaine that had been seized from Williams. (R. at 104-06, Doc. 118.) Approximately one kilo of cocaine was stolen from the evidence room; approximately 700 grams was later returned, but it could not be determined for certain whether the 700 grams that was returned came from the same kilo that was stolen. (R. at 106-08, 113, Doc. 118.) Williams' trial attorney, James Jarvis, had the opportunity to, and did, cross-examine Turner about the theft of the cocaine. (R. at 108-111, Doc. 118.)

Also at trial, the Government presented the testimony of a GBI forensic chemist named Larry Wheeler. Wheeler testified that he received the cocaine for testing, in a sealed condition,

on October 28, 2003. (R. at 123, Doc. 119.) Wheeler stated that he weighed four small plastic bags of solid material and that the combined weight was 111.7 grams, and that the substance in the bags tested positive for cocaine. (R. at 124-26, Doc. 119.) Wheeler then testified that he weighed two blocks of solid material that he received; that the solid material weighed 2004.9 grams–the equivalent of two kilos–and that the material tested positive for cocaine. (R. at 128-29, Doc. 119.) After weighing and testing, Wheeler returned the approximately 2,111.7 grams of cocaine to the drug vault. (R. at 129, Doc. 119.) The drugs were later returned to the South Georgia Drug Task Force by another GBI agent. (R. at 129, Doc. 119.)

Additionally, the Government presented the testimony of Michael Pitts, who testified that during the search of a storage unit rented by Williams, he found two packages that appeared to be kilos of cocaine. (R. at 33-34, Doc. 120.) Pitts also testified that in the same search, he found four plastic bags containing a substance that appeared to be cocaine. (R. at 40, Doc. 120.) Pitts testified that he sealed up the cocaine and transported it to the crime lab for testing. (R. at 41-42, Doc. 120.) According to Pitts, all of the evidence that was found at the storage unit was sent to the crime lab, and all of the evidence that was sent to the crime lab was returned after it was tested. (R. at 43, Doc. 120.) It was after the tested evidence was returned to the South Georgia Drug Task Force evidence room that the sealed bags were broken into and one of the kilos was taken. (R. at 44-45, Doc. 120.)

After the testimony of Turner, Pitts, and Wheeler was presented, the Government sought to tender into evidence the 700 grams of cocaine that was found at the home of the agent who was thought to be responsible for the break-in of the evidence room. Williams' lawyer objected

to admission of the evidence. Before the Court was called upon to rule, the Government withdrew its tender. (R. at 103, Doc. 120.) *See also* Exhibit List, showing Exhibit No. 41 as not admitted. (Doc. 63 at 2.) Thus, the compromised package was never introduced into evidence. The jury later found that the weight of the cocaine involved was 1,111.71 grams, rather than the 2,111.71 grams found in the storage facility and originally attributed to Williams.

As the foregoing summary of the testimony shows, the jury was made aware of all of the circumstances concerning the custody of the evidence and subsequent theft of some of it. Based on the testimony, they could have found, and presumably did find, that the cocaine was weighed and tested before the burglary occurred, and that the burglary impacted only one kilo of cocaine. Most importantly, however, the jury was never asked to consider the weight of the compromised kilo, because it was never introduced into evidence. In sum, the evidence fails to disclose any prejudice to Williams and fails to disclose the deprivation of a fundamental right occurring during the trial with respect to the weight of the cocaine as determined by the jury. Thus, even if this Court had the authority to address the merits of Williams' Motion, he would not be entitled to any relief.

### III.   CONCLUSION

The Court finds that it has jurisdiction to consider the Motions during the pendency of Williams' appeal. However, having considered the Motions, the Court also finds that the challenges raised by Williams in his Motion to Dismiss or Suppress are not properly before the Court, in that they are untimely. Therefore, the Motion to Dismiss or, in the alternative, to Suppress Tampered Evidence (Doc. 139) is dismissed. In the absence of any authority by the

Court to consider the Motion to Dismiss or Suppress, Williams' Motion for Evidentiary Hearing on Motion to Suppress Tampered and Stolen Evidence (Doc. 168) is denied.

**SO ORDERED**, this the 20th day of October, 2006.

                                                **s/    Hugh Lawson**
                                                **HUGH LAWSON, JUDGE**

mls